UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL SCOTT, an individual,<br><br>      Plaintiff,<br><br>  v.<br><br>CALEB CARR, *et al.*,<br><br>      Defendants. | CASE NO. C20-0236-RSM<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT |

## I. INTRODUCTION

  This matter comes before the Court on Defendants Caleb Carr and Vita Inclinata Technologies, Inc.'s Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, a Motion for more Definite Statement pursuant to Fed. R. Civ. P. 12(e). Dkt. #36. Plaintiff Paul Scott opposes Defendants' motion. Dkt. #38. The Court finds oral argument unnecessary to resolve the underlying issues. Having reviewed the relevant briefing and the remainder of the record, the Court DENIES Defendants' Motion.

//

//

## II.     BACKGROUND

In 2018, mutual connections at Seattle University introduced Plaintiff Paul Scott to Defendant Caleb Carr to assist with business development for Mr. Carr's technology company, Vita Inclinata Technologies, LLC ("Vita LLC"). Dkt. #19 at ¶¶ 3.1-3.4. Plaintiff claims that given his experience in business development and advising venture companies, he entered into a business relationship with Mr. Carr to provide consulting and assistance with early stage development. In exchange for Plaintiff's services, Defendant Carr offered Plaintiff a 1% ownership interest in the company. Parties executed an agreement on November 9, 2018 ("the Agreement") in which Mr. Carr pledged 1% equity in Vita LLC to Plaintiff in consideration for past and ongoing consulting services. *Id.* at ¶¶ 3.8-3.10. Defendants request judicial notice of the Agreement, Dkt. #13-1, which Plaintiff does not oppose. *See generally* Dkt. #38. The Court finds judicial notice of the Agreement appropriate under the "incorporation by reference" doctrine. *See Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005) (A court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.") (internal quotations omitted).

After execution of the Agreement, Vita LLC was converted into Vita Inclinata Technologies, Inc. ("Vita"), a Delaware corporation. *Id.* at ¶ 3.11. Between December 2018 and September 2019, Plaintiff devoted approximately 8 to 10 hours per week for which he received no compensation other than the promised ownership transfer. *Id.* Starting in October 2019, Defendant Carr allegedly began making attempts to modify parties' Agreement, including proposing changes that would replace the commitment to transfer ownership with a vesting structure contingent on Plaintiff's continued involvement with Vita. *Id.* at ¶¶ 3.12-3.13. Plaintiff claims he rejected these proposed changes and requested transfer of the agreed-upon shares in

1  Vita, to which Defendant Carr responded with various attempts to supersede their prior
2  agreement. *Id.* at ¶¶ 3.13-3.14.

3  On January 16, 2020, Plaintiff initiated this action against Defendants in Washington
4  State Superior Court, claiming breach of contract and seeking equitable relief for Defendants'
5  alleged failure to transfer the 1% interest as provided by the terms of the Agreement. Dkt. #1.
6  Defendants timely removed the case to this Court on February 14, 2020 based on diversity
7  jurisdiction, 28 U.S.C. § 1332. *Id.*  Defendants moved to transfer this case to the District of
8  Colorado, which this Court denied. Dkt. #43.

9  Plaintiff filed the First Amended Complaint ("FAC") on March 23, 2020, alleging breach
10 of contract or, in the alternative, unjust enrichment, quantum meruit, and promissory estoppel.
11 Dkt. #19 at 9-11.  Plaintiff seeks relief in the form of an order requiring Defendant Carr to
12 effectuate the transfer of Plaintiff's interest in Vita and a declaratory judgment affirming
13 Plaintiff's status as a shareholder in Vita, or, alternatively, a constructive trust imposed over his
14 promised interest and/or an award of damages. *Id.* at 12.  On May 21, 2020, Defendants moved
15 to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6) or for a more definite claim pursuant to
16 Fed. R. Civ. P. 12(e). Dkt. #36.

17                    **III.    DISCUSSION**

18 **A. Legal Standard**

19 In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as
20 true and makes all inferences in the light most favorable to the non-moving party. *Baker v.*
21 *Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).
22 However, the court is not required to accept as true a "legal conclusion couched as a factual
23 allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)
24

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678, 129 S.Ct. 1937.  This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.  Absent facial plausibility, a plaintiff's claims must be dismissed. *Id.* at 570, 127 S.Ct. 1955.

Defendants move to dismiss Plaintiff's claims on the basis that (1) Vita is a non-party to the Agreement; and (2) Plaintiff cannot simultaneously allege breach of contract and quasi-contract claims where an express contract exists.  Dkt. #36 at 6-10.  The Court will address each argument in turn.

### i. Vita as a Non-Party to the Agreement

First, Defendants argue that Plaintiff's claim for breach of contract against Vita fails as a matter of law given that Vita is not a party to the contract. Dkt. #36 at 6-7; *see also* Dkt. #13-1. Because Vita cannot be liable to Plaintiff for breach of contract, Defendants argue, the Court cannot adjudicate rights or provide declaratory relief between Plaintiff and Vita. *Id.* Plaintiff responds that Vita is properly named as a nominal defendant as to this claim. Dkt. #38 at 3. Defendants fail to address this argument on reply. *See generally* Dkt. #40. For the reasons set forth below, the Court finds that Plaintiff has sufficiently pleaded a breach of contract claim against Vita as a nominal defendant.[1]

---

[1] Motions to drop nominal defendants from an action are properly brought under Fed. R. Civ. P. 21. Because Defendants bring this motion under Rule 12(b)(6), the Court limits its analysis to addressing the sufficiency of Plaintiff's claims without resolving the question of whether Vita is properly joined as a nominal defendant.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT - 4

A nominal defendant is "a [party] who 'holds the subject matter of the litigation in a subordinate or possessory capacity and to which there is not dispute.'" *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (quoting *S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991)). "The paradigmatic nominal defendant is 'a trustee, agent, or depositary . . . [who is] joined purely as a means of facilitating collection.'" *Id.* (quoting *Cherif*, 933 F.2d at 414). In other words, "a nominal defendant is part of a suit only as the holder of assets that must be recovered in order to afford complete relief; no cause of action is asserted against a nominal defendant." *Commodity Futures Trading Comm'n v. Kimberlynn Creek Ranch, Inc.,* 276 F.3d 187, 192 (4th Cir. 2002); *see also Hewitt v. City of Stanton,* 798 F.2d 1230, 1233 (9th Cir.1986) ("A defendant is a nominal party where his role is limited to that of a stakeholder or depositary.").

Here, the FAC alleges that Vita "possesses the authority to effectuate a formal transfer of the promised shares to Plaintiff, to recognize his status as a shareholder of Vita, and to afford him all rights and privileges associated with the shares." Dkt. #19 at ¶ 3.16. Accepting these pleaded facts as true, Vita therefore serves as the "holder of assets that must be recovered" to effectuate Plaintiff's relief if he prevails on his breach of contract claim. *Commodity Futures,* 276 F.3d at 192 (4th Cir. 2002). For that reason, the Court finds that the FAC alleges sufficient facts to name Vita as a nominal defendant for Plaintiff's breach of contract claim.

Similarly, Defendants argue that Plaintiff's quasi-contract claims against Vita should be dismissed given that Plaintiff and Defendant Carr are the only parties to the Agreement. Dkt. #36 at 10; *see also* Dkt. #13-1. Specifically, Defendants argue that Plaintiff's promissory estoppel claim against Vita should be dismissed for failure to plead the prima facie element of a promise made by Vita. *Id.*; *see also* Dkt. #40 at 6. For the reasons set forth below, the Court finds that Plaintiff has sufficiently pleaded a promissory estoppel claim against Defendants.

Under Washington law, promissory estoppel has five elements: "(1) [a] promise which (2) the promisor should reasonably expect to cause the promisee to change his position and (3) which does cause the promisee to change his position (4) justifiably relying upon the promise, in such a manner that (5) injustice can be avoided only by enforcement of the promise." *Havens v. C & D Plastics, Inc.*, 876 P.2d 435, 442 (Wash. 1994) (quoting *Klinke v. Famous Recipe Fried Chicken, Inc.*, 616 P.2d 644 (Wash. 1980)).

Plaintiff has sufficiently alleged a promise by Defendants that he relied upon to his detriment. The FAC claims that Plaintiff "provided services to Defendants based on Defendants' promise that Plaintiff would be transferred an ownership interest in Vita." Dkt. #19 at ¶ 8.2. It further alleges that Plaintiff provided his consulting services "to, and for the benefit of, Vita . . . at the behest of its Chief Executive Officer, Defendant Caleb Carr." *Id.* at ¶ 1.3. Defendants counter that these claims are insufficient to state a claim against Vita, since "Vita did not make any promise to Mr. Scott nor does Mr. Scott's FAC allege that Vita was involved in any promises made to him." Dkt. #40 at 6. As an initial matter, the FAC plainly alleges Vita's involvement by describing Defendant Carr's position as its CEO and the services Plaintiff provided to Vita separate and apart from services he provided to Defendant Carr. *See, e.g.*, Dkt. #19 at ¶ 3.11 ("In contemplation of, and reliance on, Defendant Carr's offer, Mr. Scott undertook extensive efforts to lay the groundwork for an initial capital raise, staffing of leadership level positions and many other business-related activities."). Furthermore, to the extent Defendants argue that "Plaintiff's [] claims against Vita are all based on the existence of the written contract between himself and Carr," Dkt. #36 at 10, the Court cannot reach such a conclusion at this stage of the case. Such arguments are more suited to summary judgment, when all relevant and discoverable information is before the Court. At this stage of the proceedings, drawing all inferences in the light most

favorable to Plaintiff, the Court finds that the claims set forth in the FAC are sufficient to state a claim for promissory estoppel.

      ii.  Alternative Quasi-Contract Claims

Next, Defendants argue that Plaintiff cannot maintain his quasi-contract claims of unjust enrichment, quantum meruit, and promissory estoppel where he has pleaded that a contract exists between the parties. Dkt. #36 at 7-10. Although Defendants analyze dismissal of Plaintiff's quasi-contract claims under both Washington and Colorado law, parties appear to agree that state law principles governing the compatibility of breach of contract and quasi-contract claims are substantially similar under either state's law. *See* Dkts. #36 at 9; #38 at 10. The Court therefore need not reach the question of which state's law to apply at this stage of the case. For the reasons set forth below, the Court denies Defendants' motion to dismiss Plaintiffs' quasi-contract claims based on the existence of the Agreement.

A party may set out two or more "statements of a claim . . . alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). It is well-established under the Federal Rules that a plaintiff may set forth inconsistent legal theories in its pleadings and will not be forced to choose a single theory on which to seek recovery. *Arthur v. United States by and Through Veterans Admin.,* 45 F.3d 292, 296 (9th Cir. 1995) (citing Fed. R. Civ. P. 8(d)(3)). Consequently, while a plaintiff may not recover on multiple theories, he may nevertheless "claim . . . remedies as alternatives, leaving the ultimate election for the court." *E.H. Boly & Son, Inc. v. Schneider,* 525 F.2d 20, 23 n.3 (9th Cir. 1975).

Here, Plaintiff alleges unjust enrichment, quantum meruit, and promissory estoppel as alternative claims to breach of contract. Dkt. #19 at 10-11. The Court will address each claim in turn.

1              1. Unjust Enrichment

Unjust enrichment is an equitable theory that "invokes an implied contract when the parties either have no express contract or have abrogated it." *Dudding v. Norton Frickey & Assocs.,* 11 P.3d 441, 444 (Colo. 2000) (en banc); *see also Young v. Young,* 164 Wash.2d 477, 484, 191 P.3d 1258 (Wash.2008) ("Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it.").

Defendants argue that Plaintiff's unjust enrichment claim should be dismissed because parties agree to the existence of the November 9, 2018 contract between Plaintiff and Defendant Carr. Dkt. #36 at 10. However, "the mere existence of a contract does not automatically invalidate an unjust enrichment claim." *Vernon v. Qwest Commc'ns Int'l, Inc.*, 643 F. Supp. 2d 1256, 1266–67 (W.D. Wash. 2009). Rather, a claim for unjust enrichment may survive a motion to dismiss so long as the validity of the contract remains in dispute. *See id.* at 1267 (declining to dismiss unjust enrichment claim where "there has been no holding . . . that a *valid* contract between the parties governs the ETFs charged by Defendants") (emphasis in original); *see also Pulte Home Corp., Inc. v. Countryside Cmty. Ass'n, Inc.*, 2016 CO 64, ¶ 64, 382 P.3d 821, 833 ("[A] party may still recover for unjust enrichment when [] the express contract fails or is rescinded").

Defendants cite several cases where courts granted dismissal of unjust enrichment claims, but each of these cases address instances where valid contracts precluded quasi-contract claims. *See, e.g.*, *Chandler v. Wash. Toll Bridge Auth.,* 17 Wash.2d 591, 604, 137 P.2d 97 (Wash. 1943) ("A party to a *valid* express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating to the same matter, in

contravention of the express contract.") (emphasis added); *Interbank Investments, LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 817 (Colo. App. 2003) (Dismissing unjust enrichment claim where "*enforceable* express contracts cover the same subject matter") (emphasis added); *Univera, Inc. v. Terhune*, No. C09-5227 RBL, 2010 WL 3489932, at *4 (W.D. Wash. Aug. 31, 2010) (Dismissal appropriate where parties "agree that they are bound by express and enforceable contracts with each other"). Defendants also rely on *Coordes v. Wells Fargo Bank, N.A.*, yet that case also appears to address a valid contract—specifically, a deed of trust—that governed the relationship between the parties. *See* No. 2:19-CV-0052-TOR, 2019 WL 5295526, at *6 (E.D. Wash. Oct. 18, 2019).

Here, parties have not agreed that the Agreement constitutes a valid contract. Defendants acknowledge that a written agreement between Plaintiff Scott and Defendant Carr exists, yet they have been careful not to concede that the agreement is a valid contract. *See* Dkt. #35 at ¶ 13 ("In response to the allegations in Paragraph 3.8, Mr. Carr admits that Mr. Carr and Mr. Scott signed a written agreement dated November 9, 2018. That document speaks for itself, and Mr. Carr holds Mr. Scott to his burden of proof. The remaining allegations in Paragraph 3.8 are denied."). Indeed, Defendants' Answer pleads the affirmative defense of mistake to challenge the validity of the contract. *See id.* at ¶ 38. In their motion to dismiss, Defendants likewise acknowledge the existence of the agreement without admitting that the agreement constitutes a valid and binding contract on the parties. *See* Dkt. #36 at 9 ("Mr. Carr affirmed the existence of a November 19, 2018 contract with Mr. Scott"). Because the validity of the contract remains in dispute, dismissal of Plaintiff's unjust enrichment claim is improper at this stage.

On reply, Defendants argue that "because Mr. Scott does not allege any reason the contract may be voided or rescinded," his quasi-contract claims may not proceed. Dkt. #40 at 4.

Defendants provide no support for this proposition. On the contrary, courts have recognized that a plaintiff need not allege that a contract is invalid at the motion to dismiss stage, given that such an allegation is implicit in the assertion of a quasi-contract claim. *See Neravetla v. Virginia Mason Med. Ctr.*, No. C13-1501-JCC, 2014 WL 12787979, at *7 (W.D. Wash. Feb. 18, 2014) ("Plaintiff need not specifically allege that the agreement was not a valid contract, as that allegation is implicit in his assertion of promissory estoppel.")

For these reasons, given that the validity of the contract remains in dispute, the Court declines to dismiss Plaintiff's alternative unjust enrichment claim.

### 2. Quantum Meruit

Quantum meruit "is the method of recovering the reasonable value of services provided under a contract implied in fact." *Young*, 164 Wn.2d at 485. Unjust enrichment and quantum meruit are similar doctrines under Washington law and synonymous under Colorado law. *Dragt v. Dragt/DeTray, LLC*, 139 Wash. App. 560, 577, 161 P.3d 473, 482 (2007) ("Unjust enrichment and quantum meruit are related doctrines; the former is a broader concept that encompasses the latter."); *Dudding v. Norton Frickey & Assocs.*, 11 P.3d 441, 444 (Colo. 2000) ("The doctrine of quantum meruit, also termed quasi-contract or unjust enrichment, does not depend upon the existence of a contract"). Like his unjust enrichment claim, Plaintiff is entitled to plead quantum meruit in the alternative pursuant to Fed. R. Civ. P. 8(e)(2) given that the validity of the contract remains in dispute. The Court therefore declines to dismiss Plaintiff's quantum meruit claim.

### 3. Promissory Estoppel

The doctrine of promissory estoppel serves to enforce "otherwise unenforceable promises which are not supported by consideration." *Klinke v. Famous Recipe Fried Chicken, Inc.*, 94 Wash. 2d 255, 261, 616 P.2d 644, 647 (1980). Where a plaintiff alleges both breach of contract

1 and promissory estoppel claims, "[i]t may be proper to dismiss a promissory estoppel claim when

2 'an *undisputedly valid and enforceable written contract* governs the same subject matter.'"

3 *Neravetla*, 2014 WL 12787979 at *7 (quoting *Air Atlanta Aero Engineering Ltd. V. SP Aircraft

4 Owner I, LLC*, 637 F. Supp. 2d 185, 196 (S.D.N.Y. 2009)) (emphasis added).  However, where

5 "[d]efendants have not conceded that the alleged contract is an undisputedly valid and enforceable

6 instrument," dismissal is not warranted.  *Id.* (internal quotations and citation omitted).  Again, it

7 is apparent that the validity and enforceability of the Agreement remain in dispute.  *See* Dkt. #13

8 at ¶¶ 38-39 (raising mistake and impossibility as affirmative defenses).  Accordingly, the Court

9 declines to dismiss Plaintiff's promissory estoppel claim on this basis.

10 **B. Motion for a More Definite Statement**

11 Alternatively, Defendants request that the court order Plaintiff for a more definite

12 statement on the basis that Vita may not be both a nominal defendant and subject to substantive

13 claims.  Dkt. #36 at 11.  Because Plaintiff "cannot have it both ways," Defendants contend that

14 the FAC is "so vague and ambiguous that Vita cannot reasonably provide a response until

15 Plaintiff's FAC is made more definite and certain."  *Id.*

16 "Motions for a more definite statement are viewed with disfavor, and are rarely granted."

17 *Pickering v. Bank of Am. Home Loans*, No. C15-1983-RSM, 2016 WL 7626269, at *1 (W.D.

18 Wash. Sept. 21, 2016) (internal quotations omitted).  Rule 12(e) motions attack the intelligibility

19 of the complaint as opposed to the lack of detail and are properly denied "where the complaint

20 notifies the defendant of the substance of the claims asserted."  *Id.* (quoting *Presidio Group, LLC

21 v. GMAC Mortg., LLC*, 2008 U.S. Dist. LEXIS 75986, 2008 WL 3992765, *1 (W.D. Wash. Aug.

22 25, 2008)).  The test under Fed. R. Civ. P. 12(e) is therefore "whether the complaint provides the

23 defendant with a sufficient basis to frame his responsive pleadings."  *Pickering v. Bank of Am.*

24

*Home Loans*, No. C15-1983-RSM, 2016 WL 7626269, at *1 (W.D. Wash. Sept. 21, 2016) (internal quotations omitted).

The Court finds that Plaintiff's complaint provides Defendants with a sufficient basis to frame their response. Defendants provide no support for their position that a party named as a "nominal defendant" cannot also be the subject of substantive alternative claims. *See* Dkt. #36 at 10-11. Considering that Rule 8 expressly provides that a plaintiff may set forth inconsistent legal theories in its pleadings, the Court finds no basis for Defendants' argument. *Arthur,* 45 F.3d at 296 (9th Cir. 1995) (citing Fed. R. Civ. P. 8(d)(3)). For these reasons, the Court cannot conclude that the FAC is so vague and ambiguous that it fails to satisfy the requirements under Rule 12(e). Accordingly, the Court denies Defendants' Motion for a more definite statement.

## IV.   CONCLUSION

Having reviewed Defendant's Motion, Plaintiffs' Response, Defendant's Reply, and the remainder of the record, it is hereby ORDERED that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint or, in the alternative, Motion for More Definite Statement, Dkt. #36, is DENIED.

DATED this 30th day of October, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE