UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL SCOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>CALEB CARR, *et al.*,<br><br>    Defendants. | Case No. C20-236-RSM<br><br>ORDER GRANTING IN PART PARTIES' STIPULATED MOTION TO SEAL |

## I.    INTRODUCTION

This matter comes before the Court on parties' Stipulated Motion to Seal. Dkt. #62. The motion addresses a document designated as "confidential" by Defendants Caleb Carr and Vita Inclinata Technologies, Inc. ("Vita") filed in support of Plaintiff Paul Scott's motion to compel. *See* Dkt. #58-7. For the reasons set forth below, the Court GRANTS IN PART parties' stipulated motion to seal.

## II.    BACKGROUND

Parties request that the Court enter an order to seal Dkt. #58-7, which contains excerpts from a transcript of a March 11, 2021 deposition of Derek Sikora. Plaintiff filed Dkt. #58-7 as

ORDER GRANTING IN PART PARTIES' STIPULATED MOTION TO SEAL
PAGE - 1

an exhibit to a declaration in support of Plaintiff's Motion to Compel, Dkt. #58. At the time of filing the declaration, counsel for Plaintiff "was not aware that any portions of Mr. Sikora's deposition or transcript had been designated 'Confidential' pursuant to the Stipulated Protective Order . . . ." Dkt. #62 at 1-2. Once Plaintiff's counsel was notified that Dkt. #58-7 included material designated as "Confidential" under the Protective Order, parties met and conferred and filed the instant stipulated motion to seal. *Id.* at 2.

### III. DISCUSSION

"There is a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g). However, for sealed discovery documents attached to non-dispositive motions, the Ninth Circuit has found that this strong presumption is rebutted given that such documents are often "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)) (internal quotations omitted). Accordingly, a "good cause" showing under Rule 26(c) may suffice to keep under seal documents attached to non-dispositive motions. *Id.* Rule 26, which gives district courts flexibility in balancing and protecting the interests of private parties, states that "good cause" is shown where forbidding disclosure or discovery would "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).

The Court's Local Rules explicitly instruct parties to present legal and evidentiary support in a motion to seal. Normally that motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." Local Rules W.D. Wash. LCR 5(g)(3)(B). However:

> Where parties have entered a litigation agreement or stipulated protective order (see LCR 26(c)(2)) governing the exchange in

> discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

LCR 5(g)(3). In this case, the protective order stipulated and agreed to by the parties on June 30, 2020 explicitly states that "Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal." Dkt. #42 at 5.

Plaintiff disagrees that Dkt. #58-7 should be treated as confidential under the Protective Order because (1) the designations were made 30 days after receipt of the deposition transcript, and not within the 15 days provided for in the Protective Order; (2) and the designated testimony does not appear on its face to contain proprietary or commercially sensitive information. Dkt. #62 at 2. Defendants argue that the "confidential" designation to the transcript excerpts was timely corrected on April 22, 2021. Defendants also argue that the transcript excerpts are properly designated "confidential" since they contain stockholder information and sensitive financial information, and because their public disclosure risks financial and reputational harm to Vita and its shareholders. *Id.* at 2-3. Defendants also contend that less restrictive alternatives are no longer feasible given that the transcript has already been filed. *Id.* at 3.

As an initial matter, the Court finds that Defendants timely corrected their inadvertent failure to designate the transcript excerpt as "confidential." Although paragraph 5.2 of the Protective Order requires parties to designate material within 15 days after receiving the deposition transcript, Dkt. #42 at 6, paragraph 5.3 provides that "[i]f timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material." Dkt.

ORDER GRANTING IN PART PARTIES' STIPULATED MOTION TO SEAL
PAGE - 3

#42 at 7. Here, Defendants corrected their designation within 15 days after the designation period under the Protective Order elapsed. Accordingly, they have not waived their right to designate the material confidential.

Turning to the substance of the sealed document, Defendants have demonstrated good cause to keep the document under seal. Portions of the transcript contain sensitive information regarding Vita's internal operations, business plans, and stock holdings that may cause competitive and/or reputational damage to individuals or to Vita if publicly disclosed. However, given that only certain portions of the transcript contain the sensitive information, the Court is not persuaded that sealing the document in its entirety is appropriate. *See* LCR 5(g)(3)(B)(iii) (party seeking to maintain document under seal must explain why less restrictive alternative was not sufficient). The fact that the document was initially filed under seal does not preclude Plaintiff from publicly filing the transcript excerpts with redactions of sensitive material. For that reason, the Court GRANTS IN PART parties' stipulated motion to seal. Within **fourteen (14) days** from the date of this Order, Plaintiff shall publicly re-file the declaration exhibit, Dkt. #58-7, with redactions of sensitive financial and stockholder information.

## IV.     CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that parties' Stipulated Motion to Seal, Dkt. #62, is GRANTED IN PART. Within **fourteen (14) days** from the date of this Order, Plaintiff shall publicly re-file the exhibit, Dkt. #58-7, with redactions of sensitive financial and stockholder information.

//

//

ORDER GRANTING IN PART PARTIES' STIPULATED MOTION TO SEAL
PAGE - 4

DATED this 13th day of May, 2021.

*(signature)*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE